IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CLAUDE EDWIN CORKERN, VICKI DIANE CORKERN, and MORGAN DIANA CORKERN, | |
| Plaintiffs, | Case No. 1:12-cv-02811 |
| v. | |
| MERCK & CO., INC., | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Merck Sharp & Dohme Corp.'s Motion to Dismiss. (D.E. 5). Plaintiffs have responded, opposing the Motion. (D.E. 14). This matter has been referred to the Magistrate Judge for a Report and Recommendation. On May 22, 2013, the Magistrate Judge held a hearing on this Motion. (D.E. 45). For the reasons set forth below the Magistrate Judge recommends that the Motion to Dismiss be granted.

### Relevant Background

Plaintiffs, Morgan Corkern and her parents, Claude and Vicki Corkern, allege that after being vaccinated with GARDASIL® ("Gardasil"), an FDA-approved vaccine manufactured by Merck, Morgan began experiencing headaches, pain and weakness, and was ultimately diagnosed with transverse myelitis, a neurological condition resulting from abnormal inflammation in the spinal cord. Plaintiffs attribute Morgan's TM to her receipt of Gardasil. (Compl. ¶ 2.).

Before filing their Complaint, Plaintiffs sought compensation from the National Vaccine Injury Compensation Program (the "Program"). Under the auspices of the United States Court of Federal Claims (the "Vaccine Court"), the Program administers a fund from which those claiming injuries from childhood vaccines can seek recovery in proceedings that are brought against the Secretary of the United States Department of Health and Human Services (the "Secretary") rather than vaccine manufacturers. The Vaccine Court entered a September 2011 judgment approving a settlement award of $150,000 to Morgan, after which she had "two options: to accept the court's judgment and forgo a traditional tort suit for damages, or to reject the judgment and seek tort relief from the vaccine manufacturer." *Bruesewitz v. Wyeth*, 131 S. Ct. 1068, 1073 (citing 42 U.S.C. § 300aa-21(a)). Morgan accepted the court's judgment on September 23, 2011 (D.E.6-3). However, Plaintiffs contend they preserved the right to file a civil action because the award was not sufficient (D.E. 36). Plaintiffs brought this civil action on August 8, 2012 for $2,000,000 in damages they attribute to Gardasil, and this action was removed to this Court on September 19, 2012 for subject matter jurisdiction (D.E.1).

Defendant Merck contends that the action should be dismissed because Plaintiffs failed to satisfy the prerequisites to file a civil action against a vaccine company for vaccine related injuries. Merck relies on 42 U.S.C. § 300aa-11(a)(2)(A) which states:

> No person may bring a civil action for damages in an amount greater than $1,000 or in an unspecified amount against a vaccine administrator or manufacturer in a State or Federal court for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, and no such court may award damages in an amount greater than $1,000 in a civil action for damages for such a vaccine-related injury or death, unless a petition has been filed, in accordance with section 300aa-16 of this title, for compensation under the Program for such injury or death and—
>
> > (i)(I) the United States Court of Federal Claims has issued a judgment under section 300aa-12 of this title on such petition, and

> (II) such person elects under section 300aa-21(a) of this title to file such an action, or
>
> (ii) such person elects to withdraw such petition under section 300aa-21(b) of this title or such petition is considered withdrawn under such section.

Also, 42 U.S.C. § 300aa-11(2)(B) states that "if a civil action which is barred under subparagraph (A) is filed in a State or Federal court, the court shall dismiss the action." Merck positions itself around the fact that Morgan did not file an election to file a civil action for damages; instead, she elected to accept the Vaccine Court's settlement. Therefore, Merck believes dismissal is proper for this action.

## **Analysis**

This Court uses 42 U.S.C. § 300aa-21(a) to grant the motion:

> After judgment has been entered by the United States Court of Federal Claims or, if an appeal is taken under section 300aa-12(f) of this title, after the appellate court's mandate is issued, the petitioner who filed the petition under section 300aa-11 of this title shall file with the clerk of the United States Court of Federal Claims--
>
> (1) if the judgment awarded compensation, an election in writing to receive the compensation or to file a civil action for damages for such injury or death, or
>
> (2) if the judgment did not award compensation, an election in writing to accept the judgment or to file a civil action for damages for such injury or death.

Here, Morgan accepted the Vaccine Court's offer of $150,000 and did not elect to file a civil court action. The plain language of the Vaccine Act, 42 U.S.C. § 300aa-11 requires that this action be dismissed if the settlement offer is accepted. A person cannot collect both damages from the Vaccine Act petition in Claims Court and a civil action in federal court. *Schumacher v. Secretary of the Dep't of Health and Human Services,* 2 F.3d 1128, 1130-31 (Fed.Cir.1993). Neither this Court nor Plaintiffs has found a statutory provision or case that states if an amount

from the Vaccine Court is accepted, the party can collect again in a civil action. The special master weighs an abundance of criteria when awarding a settlement in Vaccine Court. 42 U.S.C. § 300aa-12. If Morgan thought the amount was insufficient, Morgan should have rejected the amount and filed an election to file a civil action for damages. Because Plaintiffs did not reject the amount, this action is barred. The parent plaintiffs, Claude and Vicki Corkern, have not declared what type of damages they are seeking. However, medical expenses resulting from the vaccine, have been or will incur from, and for medical care or diagnosis are included in the Program's settlement. 42 U.S.C. § 300aa-15. If the claims of a parent are derivative in nature from a tort committed against the child, they are subject to the same defenses. *Dudley v. Phillips*, 405 S.W.2d 468, 471 (1966). Therefore, because Morgan's claim is barred, the parent plaintiffs' claim is barred. For all these reasons, the Magistrate Judge respectfully recommends that the District Court Judge grant Defendant's Motion.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **June 17, 2013**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.